**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-7179 (PJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Luz Stella Chirino, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alexander Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Deborah P. Gutierrez | Sasan Mirkarimi |

**Proceedings:** DEFENDANTS' MOTION TO DIMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (Dkt. 18)

**SCHEDULING CONFERENCE**

The motion hearing is held. The Court states its tentative view, which is that it is inclined to grant the motion with leave to amend in part and to deny it in part. The Court addresses the request for judicial notice and states that because Plaintiffs challenge the assignment of the Deed of Trust from JPMorgan to Bank of New York, they have raised a fact question that cannot be resolved on a motion to dismiss. The Court further states that Plaintiffs have not provided sufficient specific facts in connection with their fraud and fabrication claims and directs Plaintiffs to replead this issue with greater specificity.

Counsel for Plaintiffs and Defendants address the Court regarding the issues it raises, including: (i) whether Plaintiffs have pleaded fraud and fabrication with the requisite specificity; and (ii) the existence and nature of actual damages under the Truth in Lending Act. The Court adheres to its tentative ruling, as set forth below.

The Court addresses the first cause of action for declaratory relief. The Court does not currently see the need for declaratory relief. The Court grants the motion with leave to amend, directing Plaintiffs to make a good faith determination whether declaratory relief is needed or whether all appropriate relief will fall under the re-pleaded substantive causes of action.

The Court grants the motion with leave to amend the second cause of action under the Fair Debt Collection Practices Act. The Court directs Plaintiffs to replead with specificity and to comply with Rule 11 on pleading as to the underlying basis for claims as to whether Bank of New York is acting as a "debt collector" or principal under the language of the statute.

The Court denies the motion on the third cause of action under the Truth in Lending Act. The Court directs the Plaintiffs to replead on the issue of actual damages in a manner that is a plain and clear statement.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-7179 (PJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Luz Stella Chirino, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

The Court grants the motion with leave to amend the fourth cause of action under the Real Estate Settlement Procedures Act. The Court instructs Plaintiffs to clarify on amendment the issue of the basis for liability for actual damages and the relationship between the two Defendants, JPMorgan and Bank of New York.

The Court denies the motion with respect to the fifth cause of action for unfair competition pursuant to California Business and Professions Code section 17200. The Court finds that this cause of action rises or falls based on Plaintiff's other causes of action; thus, this cause of action states a claim to the extent that Plaintiff's other claims survive the motion to dismiss.

The Court grants the motion with leave to amend on the sixth and seventh causes of action for breach of contract and breach of implied covenant of good faith and fair dealing, respectively. The Court directs Plaintiffs to allege with greater specificity the actual, alleged breach of contract, and instructs Plaintiffs to plead facts demonstrating the presence of each element of a breach of implied covenant claim. Further, Plaintiffs shall plead facts sufficient to establish, if proven, that they either substantially complied with the contract or were excused from doing so.

Plaintiffs' amended complaint shall be filed on or before February 21, 2012.

The scheduling conference is held. The Court confers with counsel regarding the parties' December 9, 2012 joint report, and sets the following deadlines:

| | |
|---|---|
| March 30, 2012: | Last date to add new parties/amend |
| May 11, 2012: | Last day to participate in a settlement conference |
| May 14, 2012 at 1:30 p.m.: | Post Mediation Status Conference |
| June 15, 2012: | Non-Expert Discovery Cut Off |
| June 22, 2012: | Initial Expert Disclosures |
| July 6, 2012: | Rebuttal Expert Disclosures |
| July 31, 2012: | Expert Discovery Cut Off |
| August 6, 2012: | Last day to hear motions |
| August 27, 2012 at 3:00 p.m.: | Final Pretrial Conference / Motions in Limine<br>Status Conference re Exhibits |
| September 18, 2012 at 9:00 a.m.: | Jury Trial (est. 3 days) |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-7179 (PJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Luz Stella Chirino, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

The Court grants the parties' request to participate in a settlement conference before the Attorney Settlement Officer Panel. The parties are ordered to have a representative with authority to make final decisions as to this matter present at the settlement conference. If a settlement is reached, the parties are ordered to file a notice of settlement with a proposed date by which the matter will be dismissed. No appearance will be required on August 14, 2012, if such notice is filed on or before August 13, 2012.

Counsel for all parties shall comply with this Court's standing orders with respect to documents to be prepared and filed in connection with the Final Pretrial Conference.

**IT IS SO ORDERED.**

: 43

Initials of Preparer    ak