**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-07179 JAK (PJWx) | Date | July 30, 2012 |
|---|---|---|---|
| Title | Luz Stella Chirino, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Deborah P. Gutierrez | Robert Oliver |

**Proceedings:** **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (Dkt. 42)**

The motion hearing is held. The Court states its tentative view, which is that it is inclined to deny the motion for summary judgment. The Court tentatively finds that Defendants have failed to submit sufficient evidence to establish that no genuine issues of fact remain in connection with each step in the conveyance of the note. The Court summarizes the relevant facts on the record, including the January 2007 recordation of the Deed of Trust, which identifies JPMorgan as the lender and Plaintiffs as the borrowers, the June 1, 2007 Pooling and Servicing Agreement ("PSA") naming Chase Mortgage Finance Corporation as depositor and JPMorgan as servicer and custodian, and the February 2011 Assignment of Deed of Trust from JPMorgan to The Bank of New York as trustee. The Court recognizes that the PSA includes a warranty that Chase Mortgage would obtain title to the note prior to June 1, 2007, but notes that there is no evidence that this transfer from JPMorgan to Chase Mortgage ever occurred. Further, the February 2011 assignment from JPMorgan to The Bank of New York as trustee is inconsistent with Defendants' position that the note had been transferred to Chase Mortgage in 2007.

Counsel for Plaintiffs and Defendants address the Court regarding the issues it raises, including: (i) the terms of the PSA, and whether the PSA alone effected a transfer of the note from JPMorgan to Chase Mortgage and from Chase Mortgage into the trust governed by the PSA; (ii) the significance of the February 2011 Assignment of Deed of Trust; (iii) whether there is documentary support for the alleged transfer of the note from JPMorgan to Chase Mortgage or Chase Home Finance prior to the execution of the PSA; (iv) the role of each entity under the PSA, and the relevance of JPMorgan's execution of the PSA as servicer and custodian; (v) whether, in light of JPMorgan's execution of the PSA, there is any basis for a jury to find that JPMorgan did not transfer the note into the trust; (vi) whether the note is properly endorsed under the PSA; (vii) whether the Mortgage Loan schedule has been submitted, and whether it lists Plaintiffs' note; and (viii) whether Plaintiffs' Fair Debt Collection Practices Act claim fails regardless of whether the June 2007 transfer was effective.

Because Plaintiffs' only remaining claim against Defendant JPMorgan is their claim for section 17200 violations, the Court GRANTS JPMorgan's motion for summary judgment. Plaintiffs have conceded that

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-07179 JAK (PJWx) | Date | July 30, 2012 |
|---|---|---|---|
| Title | Luz Stella Chirino, et al. v. JPMorgan Chase Bank, N.A., et al. | | |

their section 17200 claim is derivative of their other claims, yet Plaintiffs have no other surviving claims against JPMorgan. Thus, there is no underlying claim to support a section 17200 claim against JPMorgan. With respect to The Bank of New York's motion, the Court accepts the supplemental materials submitted in connection with a notice of errata, but repeats its view that Defendants have not made a sufficient showing that the 2007 transfer from JPMorgan to Chase as depositor occurred. Although the PSA assumes it occurred, and JPMorgan was a party to the PSA, there is no specific evidence that the transfer actually occurred. Thus, this factual issue remains. However, inasmuch as the note at issue was listed in an appendix to the PSA, and is in a form that would be required for transfer to the PSA, and given that JPMorgan was both the beneficiary of the note and a party to the PSA, there is substantial evidence to support the claim that the note was transferred through the PSA. Plaintiff must be mindful of this evidence in making a determination whether a good faith claim can be advanced at trial that JPMorgan did not convey the note to its related entity, Chase Mortgage, who placed it in the PSA. Nonetheless, the Court adheres to its tentative view and DENIES The Bank of New York's motion for summary judgment.

**IT IS SO ORDERED.**

|  | : | 41 |
|---|---|---|
| Initials of Preparer | ak | |